**E-FILED**
Tuesday, 17 April, 2007  03:47:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSEPH HUFF,
   Plaintiff,

   vs.                               No. 07-1079

LOGAN COUNTY JAIL, et al.,
   Defendants.

<u>CASE MANAGEMENT ORDER</u>

      This cause is before the court for merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.  The plaintiff participated in the merit review hearing by video conference.

      The plaintiff, Joseph Huff, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Logan County Jail.  The plaintiff has named three defendants including the Logan County Jail, Sheriff Anthony Soloman, and unspecified security staff.

      The plaintiff says he first entered the Logan County Jail on January 13, 2007, and asked to see a psychiatrist.  The plaintiff says he was told that he would have to pay himself for that kind of treatment.   The plaintiff says he continued to ask for mental health care, but was refused.

      On January 28, 2007, the plaintiff attempted to cut his wrists.  The plaintiff says he was treated for his injury, but apparently did not receive any mental health treatment.  About one week later, the plaintiff attempted to hang himself.  The plaintiff was taken to a hospital were he received care for his injuries and mental health care.

      The plaintiff says when he returned to the Logan County Jail he was "heavily sedated, hardly able to move about." (Comp., p. 5)   The plaintiff was sentenced on February 22, 2007 and left the jail.  The plaintiff is asking for compensatory and punitive damages.

      The court finds that the plaintiff has adequately alleged a violation of his constitutional rights, but has not named all the proper defendants.  The plaintiff has properly alleged that the defendants violated his Fourteenth Amendment rights as a pretrial detainee when they: 1) were deliberately indifferent to his serious medical condition; and 2) failed to protect the plaintiff when they became aware of his condition.

      However, the court must dismiss Defendant Logan County Jail because the plaintiff has

failed to state a claim against this defendant. First, a jail is not a legal entity and thus not a proper §1983 defendant. Second, a local governmental unit can only be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. *Monell v. New York City Department of Social Services,* 436 US 658, 694(1978). The plaintiff does not allege that any policy or custom at the Logan County Jail resulted in his alleged violations. Therefore, the court will dismiss this defendant and any intended official capacity claims.

The plaintiff has stated that unspecified "security staff" failed to provide any mental health care when it was requested. During the merit review hearing, the court attempted to assist the plaintiff in identifying appropriate defendants. The plaintiff was asked who he specifically requested care from and then refused his requests. The plaintiff stated that he had several conversations with Sheriff Anthony Solomon. The plaintiff also says he requested care from Chief Jailer Mary Shaeffer. The court will add Shaeffer as a defendant in this case. The plaintiff also mentioned jailers named Darlene, Ryan and Tina. The plaintiff must provide more specific information for the court to be able to notify the appropriate defendants. The plaintiff must obtain these names during the discovery process. If the plaintiff learns the names of any other Logan County Jail employees that he specifically asked for mental health treatment and was denied, he may file a motion to amend his complaint identifying the names of the additional defendants.

**IT IS THEREFORE ORDERED:**

**1) The clerk of the court is directed to add Logan County Chief Jailer Mary Shaeffer as a defendant in this case.**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities only:**

> **1) Defendants Anthony Solomon, Mary Shaeffer and other unspecified security staff violated the plaintiff's Fourteenth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical condition; and,**

> **2) Defendants Anthony Solomon, Mary Shaeffer and other unspecified security staff violated the plaintiff's Fourteenth Amendment rights when they failed to protect the plaintiff after they became aware of his condition.**

**3) All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the clerk of the court is directed to dismiss Defendant Logan County Jail.**

**4) This case shall proceed solely on those federal claims identified in paragraph two above. Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court**

2

pursuant to Federal Rule of Civil Procedure 15.

**5) The plaintiff's motion to proceed *in forma pauperis* is granted. [d/e 1] A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this  17th   Day of April, 2007.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE