UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSEPH HUFF,
   Plaintiff,

vs.                             No. 07-1079

LOGAN COUNTY JAIL, et al.,
   Defendants.

## DISMISSAL ORDER

On April 5, 2007, the Plaintiff filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Logan County Jail. On April 18, 2007, a Scheduling Order was entered which advised the Plaintiff that he must "immediately" notify the court of any change in his mailing address and phone number. April 18, 2007 Scheduling Order, p. 2. The Plaintiff was further cautioned that "[f]ailure to notify the court of any change in the mailing address will result in dismissal of this lawsuit, with prejudice." *Id.*

On December 27, 2007, the Defendants filed a motion for summary judgement. [d/e 44] On February 21, 2008, the Plaintiff filed a letter with the court asking to continue his case until April of 2008. [d/e 51]. The Plaintiff said he was going to be released from prison in March of 2008 and wanted time to hire a lawyer. In April of 2008, the Illinois River Correctional Facility informed the court that the Plaintiff was no longer in their custody. The Plaintiff filed nothing further with the court.

On June 12, 2008, the court reminded the Plaintiff that he had been ordered to provide the court immediately with any new address or phone number. The court gave the Plaintiff some extra time to provide this information. *See* June 12, 2008 Court Order. On June 23, 2008, a copy of this court order was returned to the court, but the correctional facility provided the last known home address for the Plaintiff. The court order was then sent to the home address, and this too was returned to the court.

The Plaintiff has had five months to provide a new address to the court. Without this information, the court has no way to continue this litigation. The Plaintiff has apparently lost interest in pursuing his lawsuit.

**IT IS THEREFORE ORDERED that:**

**1) The clerk is directed to dismiss this case in its entirety without prejudice for failure to prosecute with due diligence.   *See* Fed. R.Civ. P. 41(b).**

**2) Any pending motions are denied as moot. [d/e 44]**

**3) The Plaintiff is still responsible for ensuring the $350.00 filing fee is paid to the clerk of the court.  Release from incarceration does not relieve the Plaintiff of his obligation to pay the filing fee in full.**

Entered this 28th day of August, 2008.

s\Harold A. Baker
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE